UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

Case No.   2:21-cv-05985-MCS-JC                                Date   November 15, 2021

Title   *Alber Karamanoukian v. BMW of North America, LLC et al.*

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   (IN CHAMBERS) ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) (JS-6)**

On October 29, 2021, the Court denied the parties' second stipulation to extend time. ECF No. 26. The Court then issued an Order to Show Cause for Lack of Prosecution. ECF No. 27. The Court warned that a failure to file a timely response would result in dismissal of the action. *Id.* Plaintiff timely responded. ECF No. 28. Having considered the response, the Court dismisses the action.

A district court may dismiss an action for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (reviewing courts' authority to dismiss for failure to prosecute). Dismissal is a "harsh penalty" that "should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Courts must consider five factors before dismissing a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Having considered these factors, dismissal is warranted for failure to prosecute and failure to comply with Court deadlines. The public's interest in expeditious resolution of litigation and the Court's interest in docket management both favor dismissal. Plaintiff originally filed the Complaint on July 23, 2021. ECF No. 1. Since then, Plaintiff has indicated he wishes to file an amended complaint. ECF Nos. 23, 25, 28. He has not yet done so. Moreover, the Court denied a recent joint stipulation to extend the deadline to file an amended complaint to November 9, 2021. ECF No. 26. Plaintiff's response to the Order to Show Cause indicated that he wished to file an amended complaint by November 9, 2021, ECF No. 26, at 2, but this comes after failing to meet the Court's deadline to file an Amended Complaint on November 2, 2021. Plaintiff also stated he was ready to file an Amended Complaint on November 2, 2021 until the Court issued the Order to Show Cause. ECF No. 28. An order to show cause does not obviate Plaintiff's obligation to comply with filing deadlines. Plaintiff has demonstrated a lack of diligence in prosecuting the case without delay. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest.").

The risk of prejudice to Defendant favors dismissal. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute . . . ."). Although the public policy favoring disposition on the merits always weighs against dismissal, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks omitted). Finally, less drastic alternatives are not available after a Plaintiff has ignored deadlines and a warning the case might be dismissed. *See Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) (upholding dismissal after a district judge warned the parties that failure to obey court orders would result in default judgment).

The case is dismissed without prejudice. This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court orders the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

**IT IS SO ORDERED.**